UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GUSTAVO SOARES BATISTA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-01520-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 17, 21) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted in part. (Doc. No. 21.)  Specifically, the magistrate judge found that petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E), even though petitioner has been charged with assault with a dangerous weapon.  (*Id.* at 2–5.)  The magistrate judge then determined that petitioner's detention absent a bond hearing violates the Due Process Clause of the Fifth

1

Amendment. (*Id.* at 5–8.) Finally, the magistrate judge determined that, while due process would normally require a pre-deprivation bond hearing because petitioner was previously released from immigration detention, a post-deprivation hearing is the appropriate remedy in this case "because it was 'at least arguable that providing [the petitioner] with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight.'" (Doc. No. 21 at 9 (quoting *Martinez Hernandez v. Andrews*, No. 1:25-cv-1035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025).)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 10.) On May 5, 2026, respondents filed objections which state that they object for the reasons stated in their previous briefing, and in which they object to an order requiring them to file a status report following any bond hearing because petitioner is represented by counsel.[1] (Doc. No. 22 at 1.)

Petitioner also filed objections on May 5, 2026, in which he objects to the magistrate judge's recommended remedy. (Doc. No. 23.) Petitioner argues that a bond hearing does not cure the due process violation petitioner experienced and that the appropriate remedy is his immediate release. (*Id.* at 3–4.) However, in support of this objection petitioner does not provide any legal authority which requires his release under these circumstances. (*Id.*) The court finds the magistrate judge's analysis well-reasoned in this regard.

Petitioner next argues that he will not receive a fair bond hearing before an immigration judge ("IJ") because there is a consistent and growing recognition that bond hearings "lack reasoned decision-making and proper allocation of the burden of proof." (*Id.* at 5.) Petitioner cites a number of cases where courts have found that an individual bond hearing before an IJ did not satisfy due process, but petitioner does not provide evidence or citation to authority supporting the argument that these incidents have created such a widespread issue that petitioner is unable to receive a constitutionally adequate bond hearing before an immigration judge. Given

---

[1] The court recognizes that the flood of habeas petitions from immigration detainees has greatly impacted the courts as well as the parties. The court agrees that a court ordered status report is not necessary here where petitioner has been appointed counsel who may confirm whether the court ordered bond hearing has been provided within the time required by this order.

2

the lack of a showing and on this limited record, the court declines to make the overarching finding sought by petitioner.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on April 28, 2026 (Doc. No. 21) are ADOPTED;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART as follows:

   a. Within ten (10) days of the date of this order, respondents are ORDERED to provide petitioner Stanley Gustavo Soares Batista, A-File No. 245-339-401, with a bond hearing before an immigration judge, with at least three (3) days prior notice of the date of the hearing, where respondent will have the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present; and

   b. Petitioner's request for attorney's fees is DENIED without prejudice to a properly supported motion;

3. Petitioner's motion for preliminary injunction (Doc. No. 17) is DENIED as having been rendered moot by this order granting the petition for writ of habeas corpus on the merits; and

/////

/////

/////

/////

3

4.      The Clerk of the Court is directed to enter judgement in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4